UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KRISTEN A. WILLIAMS, et al.** | ) | Case No. 1:16-cv-00754 |
| | ) | |
| Plaintiffs, | ) | (Judge Michael R. Barrett) |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFFS' OPPOSITION TO** |
| **KEVIN J. RAUCH, et al.,** | ) | **DEFENDANT'S MOTION *IN*** |
| | ) | ***LIMINE* TO EXCLUDE EVIDENCE** |
| Defendants. | ) | **OF DEFENDANT KEVIN RAUCH'S** |
| | ) | **PRIOR AND SUBSEQUENT** |
| | ) | **TRAFFIC OFFENSES** |

Plaintiffs Kristen Williams and Jasson Williams submit this memorandum in opposition to the Motion *in Limine* filed by Defendant. The motion should be denied for three reasons. First, consideration of this evidentiary question is best deferred until trial when the issue can be considered in the proper context of trial. Second, Defendant's driving record is admissible to prove his intent on the day of the accident at issue in this case. Third, the driving record is admissible habit evidence under Rule 406.

## I.     BACKGROUND

On July 20, 2014, Defendant crashed his car into the vehicle of Ms. Williams, causing her considerable personal injuries. During the course of discovery, Plaintiffs learned that Defendant has received numerous traffic convictions and citations.

The deposition of Defendant Kevin Rauch occurred on April 7, 2017. In his deposition, Defendant revealed that his license has been suspended on at least two prior occasions for driving under the influence of alcohol (Rauch Dep. 6:2-4, 23-25; Doc. 22 at Page ID 77, and 7:9-10, 17-20; Doc. 22 at Page ID 78), and that he has been cited for numerous other traffic accidents and traffic violations (Rauch Dep. 33:10-13; Doc. 22 at Page ID 104 (Exhibit 3, Page IDs 150-

191)). This information revealed that Defendant is a reckless driver who operated his vehicle on the day of the underlying incident with an intentional disregard for the safety of other drivers on the road, including Ms. Williams.

This newly discovered information supports Plaintiffs' argument that the accident occurred due to Defendant's reckless intent on the day of the incident, and that Ms. Williams was the victim of his intent to disregard the safety of others on the road that day. As such, Plaintiffs have sought leave to amend their complaint to add a punitive damage claim against Defendant.

Defendant moved the Court to preclude Plaintiffs from introducing evidence of Defendant Rauch's traffic offenses and convictions stating that the evidence is a prohibited use of character evidence pursuant to Federal Rule of Evidence 404. That is the motion before the court.

## II.     ARGUMENT

### A.     Consideration of Evidentiary Issues Should be Deferred Until Trial

Defendant's request to exclude any and all evidence of his traffic offenses and convictions from being utilized at trial is premature and overly inclusive. The Sixth Circuit has held that a motion *in limine* that seeks to exclude broad categories of evidence should rarely be granted. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Defendant here has made a sweeping request—his entire driving record should be inadmissible, he says—without providing the Court with any information about that record. The Court may find that a particular driving offense is admissible and another offense—one distant in time, for example—is inadmissible. Given that it is Defendant's burden on this motion to show that a broad category should be excluded, the lack of information provided to the Court alone is reason to overrule the motion and defer consideration to trial.

Waiting to rule on the issue has other advantages. This Court specifically has held that a party seeking to exclude evidence on a motion *in limine* must demonstrate that the evidence is clearly inadmissible on *all* potential grounds, otherwise evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. *Lankford v. Reladyne,* No. 1:14-cv-682, 2016 U.S. Dist. LEXIS 44830, at *4 (S.D. Ohio Apr. 1, 2016). The relevancy and prejudice questions are particularly difficult to adjudicate in a pretrial setting without context. And, again, Defendant has not provided any specific information to the Court by which these issues could be decided *in limine*.

### B. Evidence of Prior Bad Acts is Admissible in Certain Circumstances

Defendant argues that the driving record is inadmissible under Rule 404. His interpretation of that Rule is far too narrow. Indeed, the Sixth Circuit has noted that "Rule 404(b) is actually a rule of *inclusion* rather than *exclusion*, since only one use is forbidden and several permissible uses of such evidence are identified." *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989) (quoting *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) (emphasis added)). In that regard, evidence of regarding prior crimes is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b).

Plaintiffs here seek introduction of Defendant's driving record for one such "other purpose," specifically Defendant's intent on the day of the incident. "Intentional, reckless, wanton, willful and gross act which cause injury to person or property may be sufficient to evidence [the] degree of malice required to support an award of punitive damages in tort actions. *Gillham v. Admiral Corp.*, 523 F.2d 102, 109 (6th Cir. 1975) (quoting *Columbus Fin., Inc. v. Howard*, 42 Ohio St. 2d 178, 1975-Ohio-478, 327 N.E.2d 654)).Ohio law defines intent as

3

"focused not just on the specific consequences that an actor desires but also on those consequences that an actor believes are substantially certain to result from the actor's conduct." *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St. 3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, 1074. Defendant's traffic offenses are properly in the mix of evidence with respect to his awareness of the substantially certain result of his reckless, wanton, willful and gross conduct. Accordingly, Plaintiffs will argue that Defendant had the requisite intent required on the day of the incident to give rise to a punitive damage claim.

As such, Plaintiffs' use of the evidence is permissible under Rule 404(b) for the purposes of establishing Defendant's intent on the day of the incident.

      **C.**     **Defendant's Prior Traffic Offenses Constitute Habit Evidence**

In considering a similar issue, one court has said that the "customary secondary argument for admissibility of [a driving record] is *Rule 406(a)*, which allows evidence of a person's habit to prove that the person's conduct on a particular occasion was in conformity with the habit." *Wanke v. Lynn's Transp. Co.*, 836 F. Supp. 587, 594 (N.D. Ind. 1993). The court in *Wanke* ultimately held that the evidence was inadmissible but that was because the defendant there had just one prior instance of speeding. "One incident simply is too few" to establish habit. *Id*.

Here the evidence is that Defendant has received numerous traffic citations and convictions. The numerous traffic offenses and violations committed by Defendant establish that defendant's reckless, wanton, willful, and gross conduct when operating a vehicle is 'more than a mere tendency to act in a given manner, but rather, conduct that is semi-automatic in nature.' *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988). At the very

least, Plaintiffs have advanced an argument credible enough on this question that it need to be considered on a broader record than Defendant has provided to the Court.

### D. Defendant's Prior Traffic Offenses Constitute Relevant and Probative Evidence

The evidence of Defendant's traffic offenses and convictions are highly relevant to prove Defendant's state of mind on the day of the incident. Without it, Plaintiffs would be severely prejudiced in their ability to prove Defendant's intent. Defendant's intent on the day of the incident is imperative to prove that a punitive damage claim is warranted. Accordingly, the probative value of this evidence outweighs any prejudicial effect it may arguably have on Defendant. This evidence also is not unfairly prejudicial because the jury will be instructed to consider this evidence specifically for the purpose of discerning Defendant's intent on the day of the incident, and not for any prohibited purpose. And, continuing a theme we have advanced through this opposition, consideration of this issue would be better accomplished at trial when these issues have been more thoroughly developed and issues such as prejudice and the need for evidence are placed in a trial context.

### III. CONCLUSION

Based on the foregoing, Plaintiffs request that Defendant's Motion *in Limine* be denied.

Respectfully submitted,

/s/Gregory M. Utter
Gregory M. Utter (0032528)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone (513) 579-6540
Fax (513) 579-6457
gmutter@kmklaw.com

*Attorney for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 5, 2017, a true and correct copy of the foregoing was filed via the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

                                              /s/Gregory M. Utter
                                              Gregory M. Utter

7709280.3